THE CITY OF SPRINGFIELD, APPELLEE, *v.* BEALS INDUSTRIES, INC., APPELLANT; EDWARDS ET AL., APPELLEES.*

---

*Motion to certify the record overruled, April 30, 1958.

(No. 537—Decided January 17, 1958.)

Mr. *Richard H. Wehler,* city solicitor, and Mr. *Fred M. Cole,* for plaintiff-appellee.

Messrs. *McKee, Schwer & Taggart,* for appellant.

Messrs. *Smith & Hicks,* for defendant-appellees.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas assessing the value of 26.08 acres of gravel land and damages to the residue of approximately 69½ acres, taken by plaintiff, appellee herein, the city of Springfield, Ohio, by appropriation proceedings for a waterworks. The amounts assessed by the jury, and for which judgment was awarded, are $45,000 as the value of the land and $20,000 damages to the residue.

Defendant Beals Industries, Inc., appellant herein, appeals, making six assignments of error.

1. Appellant's brief first argues what appears to be the

basic issue in the case, contending that its property is unique because of the unusually high quality and vast extent of its underlying gravel deposit, which fact was not adequately considered in the trial court. Appellee city apparently concedes that the gravel is extensive and of good quality, but denies that appellant's property is unique or the judgment inadequate.

1-A. Appellant's first specific complaint of error is that counsel for the city, in the opening statement, made reference to the city's need for a water supply and its adoption of a plan to that end. It is contended that this had the effect of emphasizing in the minds of the jurors the importance of keeping down the cost, a subject it says was of unusual public interest and therefore well known to the jurors. However, we find nothing stated by the city's counsel which can not logically be classified as what the trial court called ''proper background.''

1-B. Appellant attempted to show the demand for cement because of its effect upon the demand for gravel and the relationship of that demand to the value of the gravel-bearing land. This is clearly too remote and subject to too many extraneous circumstances to be admissible.

1-C. Appellant's witness, John T. Boyd, a mining engineer, was permitted to give his opinion as to the fair market value of the land taken and the difference in the value of the residue before and after the taking. He was cross-examined at some length upon the methods he employed in forming his opinion. He testified that he checked his results by an analysis of gravel plant operations and a consideration of royalties. Counsel for the city then moved to strike his testimony as to value because arrived at by improper methods. Without ruling on the motion, the court permitted appellant's counsel to examine on redirect. Objections to appellant's questions seeking more detail on unit prices and royalty rates were sustained.

It was within the discretion of the court to place reasonable limits upon such examination. We find no abuse of discretion. The testimony as to value remained in the record, and the witness' methods of arriving at that opinion were sufficiently explained so that the appellant was not prejudiced.

1-D. Appellant's witness, J. W. Woomer, also a mining engineer who testified as to the value and damage to the residue,

was cross-examined as to his knowledge of a sale of other real estate, referred to as the Martin property. Appellant claims this was error because the other property was not comparable; but it was described as gravel-bearing land, and it later appeared that gravel was produced thereon. Whether it was actually comparable was a matter of contention throughout the trial. The subject was therefore within the reasonable scope of cross-examination.

One question asked of this witness on cross-examination was: "You do not know that Martin bought 73 acres at about $321 an acre?" The witness replied in the negative. Appellant's counsel objected because the land was not comparable. The city's counsel then stated: "I will be able to prove it." Appellant's counsel again argued the objection that the land was not comparable.

The statement by the city's counsel of the price, and his assertion as to the availability of proof, rendered the question objectionable. 19 Ohio Jurisprudence (2d), 586, Eminent Domain, Section 163. But the objection was not made upon that ground so that there is some doubt whether it may now be considered on that basis. 3 Ohio Jurisprudence (2d), 65, 66, Appellate Review, Section 203.

Cross-examination of this same witness was permitted as to his knowledge of five alleged sales of other real estate, which was not described or shown to be gravel land. The witness had claimed no knowledge of general real estate values. The nature and extent of the gravel deposit under the lands here in question is the basis of appellant's case. It is difficult to justify cross-examination of such a witness with respect to transactions in real estate of a wholly different character. 19 Ohio Jurisprudence (2d), 584, Eminent Domain, Section 163.

1-E. There was controversy as to the cost of equipment necessary to recover efficiently the gravel contained in the land. Appellant attempted to show the cost of equipment in another plant. This was irrelevant, without prohibitive detail, and was properly excluded.

2. The testimony pertaining to the subject of damages, offered by both parties, was submitted in somewhat similar manner. The fact that the city was permitted to ask its witness to

make a mathematical calculation of the difference between the value of the residue before and after the taking could hardly be prejudicial.

3. Appellant's request for special instruction No. 4 was properly refused. It would have informed the jury that appellant was bound by their award, whereas the city still had the option provided by Section 719.21, Revised Code. This statute had no relationship to the issues to be determined by the jury.

4. The similar request, made after the general charge, was likewise properly refused.

5. The court charged that in determining the extent of damages to the residue the jury could consider any incidental benefits thereto which had blended with the injuries.

The parcel taken lies in the central part of appellant's property and involves some of its richest and deepest gravel deposit. It separates the remaining area into segments. Safety requires that in removing gravel from the residue a substantial border or set back be left undisturbed around the property taken and that a grade on a one-to-one ratio be maintained. This materially reduces the availability of the remaining gravel. There is no slightest suggestion of an incidental benefit to the residue.

Hence the charge on that subject was prejudicially erroneous. *In re Easement for Highway,* 93 Ohio App., 179, 112 N. E. (2d), 411.

The charge here is almost identical with the one in that case. The charge here, with the words italicized which appear in it alone, and the words and letters in brackets which appear only in the case cited, is as follows:

"Therefore, in determining the value of the property taken, you should make no deduction on account of benefits to the residue, but although you will disregard the general benefit [s] which may result to the property, you can consider any incidental benefit*s* thereto which *has* [is] blended with an [incidental] injury for the purpose of arriving at the extent of the injury sustained by the *owners of the* property, *if you find that the facts in this case warrant.*"

In the case just cited the court, on page 186, said:

"In the case at bar, however, there was not an atom of evi-

dence tending to prove any benefit, special or incidental, accruing to the residue of the property, and, therefore, the instruction was not applicable to the issue. It is true that throughout the entire charge the court cautioned against the deduction of benefits, nevertheless, we are convinced that the giving of the complained-of portion of the instruction was erroneous and operated to the prejudice of appellants.''

A similar observation will apply to the present case. The conditional clause with which the charge ends cannot save it. The jurors had already been properly instructed that they were the sole judges of the facts. Such instruction applies to all their deliberations on all aspects of the case, whether expressly repeated or not. The charge injects a subject not presented by the pleadings and evidence. It was therefore improper.

The serious effect of this error is emphasized by the situation set forth in the last assignment of error, which we now consider.

6. It is claimed that the verdict and judgment are contrary to the manifest weight of the evidence.

The quality and extent of the gravel deposit under appellant's land is not disputed. Not only does gravel of excellent quality underlie appellant's entire property, but the deposit was also quite deep, extending in some places, including part of that taken, to a depth of at least 180 feet. It seems hardly possible that the jury could have given adequate consideration to this element and still have arrived at the conclusions it did as to value and damages to the residue.

Appellant's witnesses were experienced gravel men and two of them were experienced mining engineers and geologists. However, none of them possessed or claimed any particular knowledge of local real estate transactions. The city's witnesses, on the other hand, were primarily real estate appraisers with only incidental experience with gravel lands. One made no attempt to calculate the amount of gravel in the deposit and the other gave no consideration to gravel beyond a depth of 51 feet.

The jury was of course not bound to accept the appraisal of either set of experts. But their conclusions corresponded so closely to the opinions of the city's appraisers that we cannot

escape the conclusion that they apparently overlooked the important features of appellant's gravel deposit about which, as already observed, there was no dispute.

By their separate approaches the appraisers arrived at a startling diversity of opinion. Those for the city placed a value on the land taken of $33,000 and $35,500, respectively. Two of appellant's witnesses placed upon it a value of $252,000 and its president $281,664. The jury found it to be worth only $45,000.

The city's two witnesses testified that the damages to the residue amounted to $5,700 and $9,100, respectively. Appellant's witnesses estimated them at $75,000, and its president at somewhat more. The jury found only $20,000.

These figures are given here, not because the jury was bound to accept any one else's opinion, but as an indication that they ignored important elements which should have been considered.

In the light of these circumstances the error in charging on incidental benefits takes on added importance, as does that in permitting the city's counsel to attempt to discredit appellant's witness, Woomer, on cross-examination by questions as to his knowledge of sales of ordinary real estate which was obviously not comparable to that involved here.

The judgment must be and the same hereby is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.